```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

```
LAWRENCE SIMMONS,

     Petitioner,

vs.                                    No. 06-2144-Ml/P

MAGISTRATE JUDGE S. THOMAS
ANDERSON,

     Respondent.
```

```
              ORDER CONSTRUING FILING AS
          PETITION PURSUANT TO 28 U.S.C. § 2241
       ORDER DIRECTING CLERK TO REFUND EXCESS FILING FEE
         ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
            ORDER DENYING MOTION FOR IMMEDIATE HEARING
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                              AND
                NOTICE OF APPELLATE FILING FEE
```

Petitioner Lawrence Simmons, a resident of Olive Branch, Mississippi,[1] filed a *pro se* petition, entitled "Petition for a Writ of Habeas Corpus," which the Court CONSTRUES as a petition

---

[1] Although the petition lists the petitioner as "United States of America, ex rel. Lawrence Simmons," Simmons is not authorized to commence a lawsuit in the name of the United States. 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."). Simmons has not cited any statute authorizing him to file a habeas petition in the name of the United States. The Clerk properly listed Lawrence Simmons as the sole petitioner on the docket sheet.

pursuant to 28 U.S.C. § 2241, on March 7, 2006.[2] The petition names as respondent Magistrate Judge S. Thomas Anderson. On March 9, 2006, the petitioner filed a "Motion for an Instant Hearing."

The petition alleges that Simmons was arrested on September 9, 2005 by a person claiming to be a federal agent. Pet., p. 3, ¶ 1. He contends that the agent "produced no warrant, affidavit or any other instrument authorizing the arrest," id., ¶ 3, and did not tell him why he was being arrested, id., ¶ 2. He contends he was taken to "a State Jail or holding facility," id., ¶ 4, where he remained for three days. Then,

> [o]n or about 9/12/2005, approximately three days after the arrest, Petitioner was brought before Respondent who without jurisdiction by way of oath or affirmation conforming to the Fourth Article in Amendment to the United States Constitution or complaint conforming to Federal Criminal Rules of Procedure Rule 3 and 4, ordered Petitioner to enter a plea, imposed bail, and by force of threat of incarceration ordered Petitioner for his partial release with the liability of radio monitoring.

Id., ¶ 5. The petitioner further asserts that he hired an attorney to represent him but that attorney "never questioned the court about its obvious lack of jurisdiction or violations of the Fourth and Fifth Amendment to occurred to the Petitioner in his unlawful forced appearance before the Court." Id., p. 4, ¶ 8. The petition asserts that, "[o]n the bad advice of his attorney, Petitioner

---

[2] The Clerk is ORDERED to correct the docket, which erroneously indicates that this action is brought pursuant to 42 U.S.C. § 1983.

The petitioner paid the $250 filing fee applicable to civil actions. However, as the habeas filing fee is five dollars ($5.00), the Clerk is directed to refund the excess portion of the filing fee to Simmons, by check mailed to his home address, on his written request.

entered into alleged agreements with the court that he has now determined to be unconstitutional and void for lack of necessary and essential instruments to invoke the Court's jurisdiction, either personal or subject matter, under both the Constitution and the Federal Rules of Criminal Procedure." Id., ¶ 10. The petitioner asks that he be "discharge[d] immediately without sanctions or restrictions to [his] liberty."

The petitioner is the subject of a criminal case filed in this district, United States v. Simmons, No. 05-20312-D (W.D. Tenn.). On August 17, 2005, a federal grand jury indicted Simmons on three counts of tax evasion, in violation of 26 U.S.C. § 7201, and Magistrate Judge Anderson issued an arrest warrant. According to the docket sheet, Simmons was arrested and taken before Magistrate Judge Diane K. Vescovo on September 12, 2005, where he waived formal arraignment and entered a plea of not guilty. Judge Vescovo set conditions of release, including the execution of a bond in the amount of $10,000 bond, with 10% to be posted. Simmons posted bond and was released on September 12, 2005. To date, Simmons remains free on bond.

Pursuant to 28 U.S.C. § 2241(c)(1), a federal court has the power to issue a writ of habeas corpus for a prisoner who is "in custody under or by color of the United States or is committed for trial before some court thereof." Persons released on bond are

"in custody" for purposes of the habeas statute. <u>Hensley v. Municipal Court</u>, 411 U.S. 345 (1973).[3]

The remedy provided under 28 U.S.C. § 2241 is designed to permit federal prisoners to attack the execution of their sentences by, for example, challenging the computation of their release dates or sentence credits. <u>See, e.g.</u>, <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 78 (6th Cir. 1977). In this case, however, the grounds upon which the right to the writ are asserted are, in substance, defenses to Simmons's criminal prosecution. The habeas remedy cannot be invoked to raise defenses to a pending federal criminal prosecution. <u>Jones v. Perkins</u>, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); <u>Riggins v. United States</u>, 199 U.S. 547 (1905); <u>Horning v. Seifart</u>, No. 96-5070, 1997 WL 58620 (6th Cir. Feb. 11, 1997); <u>Ferguson v. Gilliam</u>, No. 91-5814, 1991 WL 206516 (6th Cir. Oct. 11, 1991).

Because Simmons is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the

---

[3] Although it is questionable whether Magistrate Judge Anderson is "the person having custody of the person detained," 28 U.S.C. § 2243, it is unnecessary to resolve that issue because no response to the petition will be required.

respondent to show cause need not issue. The petition is DISMISSED. The motion for an immediate hearing is DENIED as moot.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[4]

The Court must also consider whether plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district

---

[4] Effective April 9, 2006, the appellate filing fee was increased to $455.

court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a petition does not warrant service on the respondent, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the petition also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the petitioner is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if petitioner files a notice of appeal, he must pay the $455 appellate filing fee in full or file

a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

     IT IS SO ORDERED this 20th day of April, 2006.


                                          <u>/s/ Jon P. McCalla</u>
                                          JON PHIPPS McCALLA
                                          UNITED STATES DISTRICT JUDGE